## SUPREME COURT.

NICHOLAS L. DEMAREST and others agt. ROBERT RAY and others, executors, &c.

A *sale* (of real estate) may be made as well by an executory contract, as by a deed of present bargain and sale.

*New York General Term, September*, 1859.

By the court, ROOSEVELT, Justice. This is a case agreed upon, and submitted, under the Code, without pleading or

arguments. We have given it all the "consideration" which, without the aid of counsel, we could conveniently bestow, and have come to the conclusion that the points insisted on by the defendants are not well founded.

Mr. Richard Ray, by his will, authorized the executors, if they should consider it advisable, "to sell such number of lots, not exceeding twenty," of twenty-five by one hundred feet, as might be necessary to pay charges and assessments.

A sale may be made as well by an executory contract as by a deed of present bargain and sale. The contract in question, therefore, being authorized by the will, was to the extent of the number of square feet embraced in and subject to the contingency of its possible non-fulfillment, an execution of the power, especially if, as in this case, the vendee was let into actual possession, and subsequent purchasers were duly informed of the fact. The deed, in such case, when delivered, relates back to the contract, and has the same effect against subsequent purchasers with notice, as if it had been delivered on the day of the sale.

The defendants knew that the power of the executors had been conditionally exhausted. They took their deeds, therefore, subject to the chance of their being in part inoperative, in case the sales made to their predecessors should be consummated by a fulfillment of the conditions.

Judgment for plaintiffs, declaring their right and title to be paramount to those of the defendants, and that the deeds to the plaintiffs are "legal, valid and binding, and have conveyed to and vested in the plaintiffs the title of the lots therein mentioned in fee."